# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-1465V
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *
GERALD TEMES,                       *
                                    *         Chief Special Master Corcoran
              Petitioner,            *
                                    *         Filed: April 15, 2021
v.                                  *
                                    *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.            *
                                    *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Renée J. Gentry*, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for Petitioner.

*Alexa Roggenkamp*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On November 7, 2016, Gerald Temes filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he experienced cryoglobulinemia,[3] a blood disorder than can lead to vasculitis, as a result of receiving

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] Cryoglobulinemia is a condition in which certain immunoglobulins (antibodies) found in the blood precipitate under cool conditions. *Dorland's Illustrated Medical Dictionary* 438, 908 (33d ed. 2020) (hereinafter *Dorland's*).

the influenza and pneumococcal (Prevnar 13)[4] vaccines on October 19, 2015. Petition ("Pet.") (ECF No. 1) at 1. I issued a decision denying entitlement in the case on May 12, 2020. (ECF No. 59). Petitioner filed a Motion for Review of my decision on June 11, 2020 (ECF No. 60), but the motion was denied and dismissal of the matter sustained. (ECF No. 65).

On March 26, 2021, Petitioner filed a motion seeking a final award of attorney's fees and costs. Mot. for Final Attorney's Fees and Costs (ECF No. 69) ("Mot."). Petitioner requests an award of $171,287.55 in attorney fees and costs for the work of Ms. Renée Gentry, Esq., and Mr. Clifford Shoemaker, Esq. (now retired), as well as law students at The Vaccine Injury Litigation Clinic at The George Washington University Law School, plus $1,057.21 for Petitioner's personal out-of-pocket costs associated with his appearance at the hearing. Mot. at 1; Fees Invoice, dated March 26, 2021 (ECF No. 69-1), at 39. Fees reflect all work performed on the matter between May 2016 and the present date, and costs include expenses associated with travel, experts, and record retrieval. Fees Invoice at 27-53.

Respondent reacted to the fees request on April 1, 2021. *See* Response, dated Feb. 4, 2021 (ECF No. 70). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 3–4.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$171,287.55**, plus **$1,057.21** for costs personally incurred by Petitioner.

## ANALYSIS

**I.    Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020).

In short, the claim's reasonable basis must be demonstrated through some objective

---

[4] Prevnar13 is a sterile suspension pneumococcal vaccine targeted against thirteen strains of the *Streptococcus pneumoniae* bacterium. It also contains non-toxic diphtheria protein and aluminum adjuvants. Prevnar 13 Package Insert, filed as Court Ex. 1 on May 12, 2020 (ECF No. 58) at 25–26.

evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

Even though Petitioner's claim was ultimately unsuccessful, it had more than sufficient objective basis to entitle him to a fees and costs award. Petitioner was able to offer a causation theory based on reliable scientific concepts plus a reasonable expert opinion, and Petitioner's good faith arguments were backed by objective support in the record for core matters like proof of vaccination and the nature of Petitioner's injury. There was also treater support for aspects of the claim, and the injury at issue was not one that has regularly been litigated in the past, such that counsel might have been on notice that the claim would likely not succeed. Respondent for his part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*,

---

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | **2016** | **2017** | **2018** | **2019** | **2020** |
|---|---|---|---|---|---|
| **Ms. Renée Gentry, Esq.** | $415.00 | $424.00 | $435.00 | $445.00 | $464.00 |
| **Mr. Clifford Shoemaker, Esq.** | $430.00 | $440.00 | $450.00 | $460.00 | - |
| **George Washington University Law Student-Attorneys** | $145.00 | $145.00 | $145.00 | $145.00 | $145.00 |

Fees Invoice at 1-20.

Ms. Gentry (and Mr. Shoemaker prior to his retirement) practices in Vienna, Virginia (a jurisdiction that has been deemed "in forum"), as well as Washington, DC, in cases where the GW Law School Clinic is involved. Accordingly, she plus the attorneys and students who assisted her are entitled to the rates established in *McCulloch*. *See Jaffri v. Se'y of Health & Human Servs.*, No. 13-484V, 2016 WL 7319407, at *5–6 (Fed. Cl. Spec. Mstr. Sept. 30, 2016). The rates requested for Ms. Gentry and Mr. Shoemaker are also consistent with what has previously been

awarded them in accordance with the Office of Special Masters' fee schedule.[6] I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and therefore award fees for all work performed on the case as requested in the fees application.

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $25,758.80 in costs incurred since the claim's filing, including medical record retrieval, fees for the work of expert Joseph Bellanti, M.D., and travel expenses associated with the hearing. Fees Invoice at 27. Dr. Bellanti provided two expert reports in the matter, working at a rate of $400.00 per hour for 55 hours, totaling $22,200.00 in fees. *Id.* at 29. I find Dr. Bellanti's rate and total hours expended to be reasonable, and find no reason to make any reductions for his work. Medical record retrieval and travel costs are typical in Program cases and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable. Thus, they shall also be awarded in full without reduction. And I also award in full the expenses personally incurred by Dr. Temes in attending the hearing.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$171,287.55,** reflecting $145,528.75 in attorney's fees and $25,758.80 in costs, in the form of a check made jointly payable to Petitioner and his attorney Ms. Renée Gentry. Additionally, I award **$1,057.21**, representing costs personally incurred by Petitioner, in the form of a check payable to Petitioner and Petitioner's counsel.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

      **IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>Brian H. Corcoran<br>Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.